*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ZHIJIE WANG,

        Defendant-Appellant.

UNPUBLISHED
June 15, 2026
10:49 AM

No. 374474
St. Clair Circuit Court
LC No. 24-001352-FH

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (sexual penetration by force or coercion). Defendant was sentenced to 24 months to 15 years' imprisonment. We affirm.

## I. SUFFICIENT EVIDENCE

Defendant contends there was insufficient evidence to convict him of CSC-III because there was no physical evidence to prove forceful penetration beyond a reasonable doubt.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Montague*, 338 Mich App 29, 44; 979 NW2d 406 (2021). De novo review means the Court reviews "the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014).

"For a jury to find a defendant guilty of a charged crime, the prosecution must demonstrate that the defendant is guilty of every element of a crime beyond a reasonable doubt." *People v Posey*, 512 Mich 317, 323; 1 NW3d 101 (2023). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). We also do not determine credibility. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229

(2012). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018) (quotation marks and citation omitted). "The victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016).

"Under MCL 750.520d(1)(b), a person is guilty of CSC-III if he uses force or coercion to accomplish sexual penetration of another person." *People v Aikens*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 368187); slip op at 4. Force or coercion includes "[w]hen the actor overcomes the victim through the actual application of physical force or physical violence." MCL 750.520b(1)(f)(*i*). Force and coercion also include "[w]hen the actor, through concealment or by the element of surprise, is able to overcome the victim." MCL 750.520b(1)(f)(*v*). " 'Sexual penetration' includes 'sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings.' " *Aikens*, ___ Mich App ___; slip op at 4, quoting MCL 750.520a(r).

Contrary to defendant's contention that the victim's testimony, without more, was insufficient to prove defendant forcefully penetrated her, "[t]he testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g." MCL 750.520h; see also *DeLeon*, 317 Mich App at 719. Defendant argues that the evidence was insufficient because the victim delayed reporting, and did not produce DNA evidence or submit to a medical examination. However, that type of evidence is not required to prove guilt beyond a reasonable doubt. See *Aikens*, ___ Mich App at ___; slip op at 4 (explaining a victim's testimony allowed "the jury [to] find beyond a reasonable doubt that defendant used force to commit penetration").

As noted, a victim's testimony alone can be sufficient for the jury to rely on in convicting a defendant beyond a reasonable doubt, and here the victim provided detailed testimony about how the penetration occurred. According to trial testimony, during a massage defendant "slipped his hand in the [victim's] underwear and touched [her] under [her] underwear . . . ," including putting "his fingers in [her] vagina." The victim testified that defendant's finger went between the folds of her labia and she was certain defendant's fingers penetrated her vagina. The victim grabbed defendant's thumb and "and moved it down" while she pulled her legs together and "clenched up" but "[defendant] just kind of kept it there for a second and like moved it again." The victim recounted defendant "might have come away and went back up for a second" while she was still gripping his hand. According to the victim, defendant responded, "Okay, okay" and removed his hand. The victim testified she did not expect defendant to touch her vagina as part of the massage.

Accordingly, the victim sufficiently provided evidence defendant forced penetration when he continued to penetrate the victim's labia as she was pushing his hand away. Further, defendant surprised the victim as she was vulnerable on a massage table. Even though there was no threat or intimidation, the victim's testimony is sufficient to show force under MCL 750.520b(1)(f)(*i*) and (*v*). Defendant's contention that the victim's testimony was inconsistent and incredible was resolved by the jury, as "it was the role of the jury to hear that evidence and make its findings of fact," *Aikens*, ___ Mich App at ___; slip op at 4, and the jury found the victim's testimony credible. Further, the shop's logbook for the day of the incident showed an appointment at 2:00 p.m., lasting

120 minutes, and that the customer paid $120 for the service and an additional $30 tip, consistent with the victim's testimony.[1] Sufficient evidence was provided to sustain defendant's conviction.[2]

## II. SENTENCING

Defendant contends his sentence was disproportionate because the trial court failed to explain its reasoning when imposing defendant's sentence and defendant had no prior criminal history.

"The standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks, citation, and alteration omitted). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *Id.* (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Segura*, 348 Mich App 123, 132; 17 NW3d 129 (2023) (quotation marks and citation omitted).

"When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Posey*, 512 Mich at 360. "However, . . . the presumption of proportionality may be overcome." *Id.* at 360-361. "To overcome that presumption, the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate." *People v Ventour*, 349 Mich App 417, 430; 27 NW3d 660 (2023) (quotation marks and citation omitted).

Defendant does not contend there was an error in scoring the guidelines or the use of inaccurate information in sentencing. Defendant instead asserts the trial court abused its discretion in sentencing him to a minimum of 24 months' imprisonment because the sentence was disproportionate given defendant's lack of criminal history and the dearth of evidence produced at trial. There is no dispute that defendant's minimum sentence fell within the guidelines range of 15 to 25 months' imprisonment

"In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Burkett*, 337 Mich App 631, 637; 976 NW2d 864 (2021) (quotation marks and citation omitted). Defendant fails to explain how his sentence was subject to unusual circumstances, and instead attempts to rebut the presumption of proportionality by referring to his lack of criminal history, gainful employment, and the victim's lack of cooperation with law

---

[1] The victim testified that she paid and left a tip despite defendant's conduct because she "did not want any conflict" and "wanted to get out of there."

[2] While defendant asserts the victim was uncooperative with law enforcement, the record shows that she provided to police the dress from the day of the incident, buccal swabs, and the photograph she sent to her friend about the service. The victim also did not delay reporting the incident, as the victim reported the assault the next day.

enforcement. However, these reasons are unpersuasive and do not sufficiently rebut the presumption of proportionality in this instance. The trial court acknowledged defendant's lack of a criminal history and still found the minimum sentence proportionate based on the seriousness of the crime committed. Further, it is not an unusual circumstance for defendant to be employed when sentenced. Also, the victim sufficiently cooperated with law enforcement by providing evidence, undergoing interviews, and testifying for the prosecution.

Finally, the trial court did personalize defendant's sentence stating: "[Defendant] is 56 years old. He's a Chinese national. He was convicted by a jury of his peers of [CSC-III]. He has no prior felony or misdemeanor convictions." As such, the court referenced defendant personally and acknowledged his lack of criminal history. The trial court further recognized that defendant maintained his innocence and lacked remorse, but still found the sentence was proportionate "based on the seriousness of the circumstances surrounding the offense and the offender." The trial court did not abuse its discretion and defendant's sentence was proportionate.

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Sima G. Patel

-4-